IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DAVID WEBB, | : |
| Plaintiff, | : |
| v. | : Civ. No. 13-1321-RGA |
| CIRO C. POPPITI, III, et al., | : |
| Defendants. | : |

David Webb, Ogden, Utah, Pro Se Plaintiff.

## MEMORANDUM OPINION

October 17, 2013
Wilmington, Delaware

ANDREWS, U.S. District Judge:

Plaintiff David Webb filed this action pursuant to 18 U.S.C. §§ 1701 and 1702, 28 U.S.C. §§ 1331, 1332, 1343(a)(1) through (a)(4), and 1927, and 42 U.S.C. §§ 1983 and 1985.[1] He appears *pro se* and has been granted leave to proceed *in forma pauperis* (D.I. 4). The Court proceeds to review and screen the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

This lawsuit concerns the estate of Webb's father, who died intestate on February 24, 2010. Named as defendants are Ciro Poppiti, III, Register of Wills for the Office of the Register of Wills of New Castle County, Delaware; Alex J. Mili, Esquire, Court Appointed Chief Deputy for the Office of the Register of Wills for New Castle County, Delaware; Virginia O. Gokool, Chief Deputy for the Office of the Register of Wills for New Castle County, Delaware; James R. Leonard, the attorney of record for the estate; the Delaware Court of Chancery; and the Delaware Supreme Court.

Issues arose in the administration of his father's estate after Webb was not listed as a child of the decedent when the probate process was initiated. Heirs to the estate questioned whether Webb was a legal heir or a kin to the decedent. Webb filed a challenge to revoke the letters of administration with the Register of Wills, and the matter was transferred to the Delaware Court of Chancery. *See In the Matter of the Estate of John L. Webb*, 2011 WL 3273462 (Del. Ch. June 29, 2011); (*see also* D.I. 2, ex. 1).

---

[1] Webb does not indicate under which section of § 1985 he proceeds. Regardless, the allegations fail to state a claim of conspiracy to prevent an officer from performing duties; to obstruct justice, intimidate a party, witness, or juror; or to deprive persons of rights or privileges.

The matter was assigned to Master Kim E. Ayvazian of the Delaware Chancery Court. Webb sought to have the Master removed from the case. (D.I. 2, ex. 7.) Chancellor William B. Chandler, III, denied the request and advised Webb that should he wish to challenge the decision he should file an appeal to the Delaware Supreme Court. (*Id.*)

The Master found that Webb was presumed to be the son of the decedent. The decision also granted the removal of the administrator of the estate, because Webb should have been able to serve as administrator should he have so chosen, or at least have had the ability to determine with the other heirs who would serve as administrator. The Master noted that other heirs had waived their right to serve as administrators. Finally, the Master stated, "[t]he bottom line is, now that the parties all know that [Webb] has a *presumptive* right as an heir of the estate, they may make an informed decision as to who will serve as the estate's administrator and whether to waive their right to be administrator." (D.I. 2 at 37-38). The case was remanded to the Register of Wills to determine who would be the administrator of the estate. *Id.*

On August 1, 2011, Webb filed a notice of interlocutory appeal to the Delaware Supreme Court from the June 29, 2011 order issued by the Master in the Court of Chancery. *See In re Estate of Webb*, 2011 WL 4838972 (Del. Oct. 12, 2011). The appeal was dismissed for want of jurisdiction.

On June 8, 2012, Poppiti entered an order and notified the heirs of the estate that, at present, there was no administrator for the estate. (D.I. 2, ex. 2.) Poppiti advised the heirs that he could not appoint an administrator until someone petitioned

his office and that no one had petitioned the office since the June 29, 2011 Master's decision. The order set a deadline of July 15, 2012 for the heirs to file a petition. The order further directed that, "Any petitioner seeking to become the administrator of this Estate must first retain a Delaware attorney to file the petition. In addition, no petitioner will be sworn in as the administrator until s/he affirms under oath to retain a Delaware attorney throughout the course of the administering the Estate." (*Id.*) (emphasis omitted).

On September 17, 2012, Webb filed a formal petition for a court appointed estate administrator (D.I. 2 at 91-92). On September 24, 2012, Poppiti entered an order (*id.,* ex. 11) and advised Webb that, with regard to probate issues, correspondence should be sent in writing to the Office of the Register of Wills and not to Court of Chancery judicial officers. Webb was advised that if he did not comply with the order, the Register of Wills would be forced to hold him in contempt. (*Id.*)

On January 28, 2013, Webb filed a petition for a writ of prohibition (D.I. 2, ex. 4) to direct the Court of Chancery to review the Master's report. The writ was dismissed by the Delaware Supreme Court for want of jurisdiction on May 2, 2013. *In re Webb*, 2013 WL 1871699 (Del. May 2, 2013). On March 26, 2013, Webb filed a formal petition for a court appointed estate administrator (D.I. 2, ex. 13). Next, he filed a motion for rehearing en banc on May 10, 2013 (D.I. 2, ex. 5). On May 31, 2013, Webb filed a request for judicial action in the Delaware Court of Chancery (D.I. 2, ex. 3). On June 12, 2013, Poppitti entered an order (D.I. 2 ex. 6) finding Webb in contempt for

flouting his orders and imposing a monetary fine against Webb. Webb filed the instant action on July 25, 2013.

Webb alleges that: (1) Mili violated his constitutional rights pursuant to 42 U.S.C. §§ 1983 and 1985 by stymieing the state case from proceeding orderly through the probate process within the New Castle County, Delaware Row Office[2] and through the judicial process within the Delaware Court of Chancery by restricting his access and treating him separately from all other individuals within the general public that utilize the New Castle County, Delaware Row Office, and that Mili violated 18 U.S.C. §§ 1701 and 1702 when he obstructed the U.S. mail;[3] (2) Poppiti violated his constitutional rights pursuant to 42 U.S.C. §§ 1983 and 1985 by stymieing the state case from proceeding orderly through the probate process within the New Castle County, Delaware Row Office and through the judicial process within the Delaware Court of Chancery by restricting his access and treating him separately from all other individuals within the general public that utilize the New Castle County, Delaware Row Office, that he maliciously accused him of violating a court order, and he unjustly issued an order of contempt; (3) Gokool violated his constitutional rights pursuant to 42 U.S.C. §§ 1983 and 1985 by stymieing the state case from proceeding orderly through the probate process within the New Castle County, Delaware Row Office and through the judicial process within the Delaware Court of Chancery by restricting his access and treating

---

[2] The Court understands the Plaintiff to use the term "Delaware Row Office" to refer to the Register of Wills.

[3] The claims raised under the federal criminal statutes fail. There is no private cause of action under 18 U.S.C. § 1701 or § 1702. *See Moes v. Woodward*, 2012 WL 5830596 (W.D. Mich. Nov. 16, 2012).

him separately from all other individuals within the general public that utilize the New Castle County, Delaware Row Office; (4) Leonard did not act under the color of state law when the claims in the matter of the Estate of Webb occurred;[4] (5) the Delaware Court of Chancery violated its own mandate of economically and judicially managing its docket for the State case; and (6) the Delaware Supreme Court "usurped its own judicial authority of original jurisdiction to issue a writ of prohibition to the Delaware Court of Chancery of exceeding its subject matter jurisdiction" over the State case.

This Court must dismiss, at the earliest practicable time, certain *in forma pauperis* actions, including ones that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008). An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke* v. *Williams*, 490 U.S. 319, 325 (1989). Pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 U.S. at 327-28.

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). However,

---

[4] It appears that Plaintiff's theory against Leonard is based on 28 U.S.C. § 1927, but that statute has no applicability to non-federal proceedings.

before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915(e)(2)(B), the Court must grant Plaintiff leave to amend his complaint, unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678. When determining whether dismissal is appropriate, the court conducts a two-part analysis. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the factual and legal elements of a claim are separated. *Id.* The Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. *Id.* at 210-11.

Second, the Court must determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Fowler*, 578 F.3d at 211. In other words, the complaint must do more than allege the plaintiff's entitlement to relief; rather, it must "show" such an entitlement with its facts. *Id.* A claim is facially plausible when its factual content allows the Court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *See Iqbal*, 556 U.S. at 678. The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a

defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks omitted).

It is evident in reading the complaint that Webb's claims result from his dissatisfaction with Delaware State Courts' rulings regarding the Estate of Webb and with the probate process. To the extent Webb seeks review and rejection of Delaware state decisions, the claims fall under the purview of the *Rooker-Feldman* doctrine and, therefore, the court cannot exercise jurisdiction.[5] To the extent the probate action remains pending in State court and has not yet reached final resolution (which appears to be the case), the court must abstain by reason of the abstention doctrine, *see Younger v. Harris*, 401 U.S. 37 (1971), which has been extended to civil cases and state administrative proceedings. *See Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423 (1982); *Huffman v. Pursue Ltd.*, 420 U.S. 592 (1975).

---

[5]The *Rooker-Feldman* doctrine refers to principles set forth by the Supreme Court in *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). Because the doctrine divests the court of subject matter jurisdiction, it may be raised at any time by the court *sua sponte*. *Desi's Pizza, Inc. v. City of Wilkes-Barre*, 321 F.3d 411, 419 (3d Cir. 2003); *Nesbit v. Gears Unlimited, Inc.*, 347 F.3d 72, 77 (3d Cir. 2003).

Accordingly, pursuant to the *Rooker-Feldman* doctrine, the Court is deprived of jurisdiction. In the alternative, pursuant to *Younger* and its progeny, the court must abstain.

Assuming for the sake of argument that this Court could exercise jurisdiction, the Court dismisses the action. The Delaware Court of Chancery and the Delaware Supreme Court are immune from suit. The Eleventh Amendment of the United States Constitution protects an unconsenting state or state agency from a suit brought in federal court by one of its own citizens as well as by citizens of another State, regardless of the relief sought. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-99 (1984); *Edelman v. Jordan*, 415 U.S. 651, 661-62 (1974). Therefore, pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii), the Court will dismiss all claims against the Delaware Court of Chancery and the Delaware Supreme Court as they are immune from suit.

Poppiti, as the Register of Wills, acts in a judicial capacity and in an administrative accounting capacity. *See In re Estate of Whiteside*, 258 A.2d 279 (Del. 1969). Here, Webb complains of acts taken by Poppiti in his judicial capacity. Under Third Circuit law, "[a] judicial officer in the performance of his duties has absolute immunity from suit and will not be liable for his judicial acts." *Capogrosso v. The Supreme Court of New Jersey*, 588 F.3d 180, 184 (3d Cir. 2009) (quoting *Azubuko v. Royal*, 443 F.3d 302, 303 (3d Cir. 2006)). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted 'in the clear

absence of all jurisdiction.'" *Id.* (citations omitted). Poppiti is immune from suit. Therefore, pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii) the Court will dismiss the claims against him.

Webb also raises claims against Mili and Gokool, both chief deputies for the Register of Wills. The gist of Webb's complaint is that the probate matter moved too slowly through the courts. Webb has no constitutional right to a speedy resolution of the probate matter. The constitutional right to a speedy trial attaches "only when a criminal prosecution has begun and extends only to those persons who have been 'accused' in the course of prosecution." *United States v. Marion*, 404 U.S. 307, 313 (1971). Thus, the claims against Mili and Gokool are frivolous. In addition, they are immune from suit. *See Azubuko v. Royal*, 443 F.3d 302, 303 (3d Cir. 2006); *Lockhart v. Hoenstine*, 411 F.2d 455, 460 (3d Cir.1969) ("[A]ny public official acting pursuant to court directive is [ ] immune from suit."); *see also Wallace v. Abell*, 318 F. App'x 96, 99 (3d Cir. 2009) (Clerk of Court is absolutely immune for discretionary acts and court personnel receive qualified immunity for nondiscretionary acts.)

Finally, the allegations against Leonard do not allege a constitutional violation. When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Leonard, as a private attorney, and as Plaintiff concedes, does not act under color of law. Therefore, the Court will dismiss the claims against him as frivolous.

For the above reasons, the Court will dismiss the complaint on the basis of the *Rooker-Feldman* doctrine and *Younger* abstention, and because all defendants other

9

than Leonard are immune from suit, and because the claims against Mili, Gokool, and Leonard are frivolous, all pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (iii). The Court finds that amendment would be futile.

An appropriate order will be entered.